UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN-BAPTIST A SEKUMADE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-217 |
| § | |
| JUDGE CAROLINE BAKER, § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Judge Caroline Baker's motion to dismiss. Doc. 5. Having considered the motion, all relevant filings, and the applicable law, the Court grants the motion.

Background

This case appears to be a depressing example either of legal ineptitude or a gross failure of professional ethics, or both. For the second time, Plaintiff John Baptist A. Sekumade, a licensed attorney, has filed a claim under 42 U.S.C. § 1983 against a state court judge complaining of the judge's actions that occurred entirely within a state court judicial proceeding. *See* Doc. 1. *See also Sekumade v. Ellisor*, No. 4:10-cv-3604.

It appears from Sekumade's complaint that he appeared, either as counsel or as a pro se litigant, in a proceeding before Judge Baker. Doc. 1. In that proceeding, either as a result of Sekumade's improper actions or, as Sekumade maintains, by mistake, Judge Baker sanctioned Sekumade for filing a frivolous motion, then held him in contempt for failure to pay a fine within five days. *Id.* Sekumade disputes whether he ever filed the purportedly frivolous motion and the existence of the five-day time limit by which he had to pay the fine, and the general

"consistency" of Judge Baker's orders. *Id.* Luckily, the Court need not wade into these factual disputes.

Sekumade's case against a state court judge–in which he attacks the sufficiency of her judgments, attempts to appeal her rulings, and seeks an injunction against her–undoubtedly and clearly is barred by judicial immunity,[1] the *Rooker-Feldman* doctrine,[2] the *Younger* abstention doctrine,[3] and by the most basic principles of federalism and common sense. The specific application of these laws, practices, and norms were explained to Sekumade in detail in Magistrate Judge Nancy Johnson's opinion in *Ellisor*. 2011 WL 797574, at * 1 (S.D. Tex.). In that case, Magistrate Judge Johnson dismissed Sekumade's claims against state Judge John Ellisor and his secretary, Janice Neumann, when Sekumade complained of sanctions Judge Ellisor ordered against Sekumade in a state court proceeding. *Id.* This case raises the same issues and likewise is barred.

The Court hereby

**ORDERS** that Defendant Judge Caroline Baker's motion to dismiss (Doc. 5) is **GRANTED** and that this case is **DISMISSED WITH PREJUDICE.**

---

[1] *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions.").

[2] *U.S. v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) (the jurisdiction of the District Court "is strictly original."); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 482, 103 S.Ct. 1303, 1311 & 1315, 75 L.Ed.2d 206 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings.")).

[3] *Wightman v. Texas Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996) ("[T]he Supreme Court [has] set out a three-part test describing the circumstances under which abstention [is] advised: (1) the dispute should involve an 'ongoing state judicial proceeding;' (2) the state must have an important interest in regulating the subject matter of the claim; and (3) there should be an 'adequate opportunity in the state proceedings to raise constitutional challenges.'") (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982)).

SIGNED at Houston, Texas, this 18th day of April, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE